IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DUSTIN McDANIELS, Individually and on**                      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                        No. 5:22-cv-5193-TLB

**PROGRESSIVE TRAIL DESIGN, LLC**                             **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Dustin McDaniels ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective Action ("Complaint") against Defendant Progressive Trail Design, LLC ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper compensation under the FLSA and the AMWA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant is headquartered within the Fayetteville Division of this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

6. Plaintiff is an individual and resident of Escambia County, Florida.

7. Defendant is a domestic limited liability company.

8. Defendant's registered agent for service of process is Nathan Woodruff at 3589-3 North Shiloh Drive 222, Fayetteville, Arkansas 72703.

### IV. FACTUAL ALLEGATIONS

9. Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

10. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as vehicles and fuel.

11. Plaintiff regularly used instrumentalities of interstate commerce such as the telephone and the internet in carrying out his job duties, as well as to communicate with Defendant regarding his job duties and work schedule.

12. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

13. At all times material herein, Plaintiff has been classified by Defendant as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, Ark. Code Ann. § 11-4-211.

14. Defendant paid Plaintiff an hourly wage.

15. Defendant employed Plaintiff as an hourly-paid Machine Operator from April of 2019 until November of 2020.

16. Plaintiff was primarily responsible for performing construction on mountain bike trails.

17. Defendant also employed other hourly-paid employees who performed construction on mountain bike trails within the three years preceding the filing of this lawsuit (hereinafter, "Laborers").

18. At all relevant times herein, Defendant directly hired Plaintiff and other Laborers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

19. Plaintiff regularly worked over forty hours in a week.

20. Upon information and belief, other Laborers also regularly or occasionally worked over forty hours in a week.

21. Defendant paid Plaintiff his regular rate for all hours worked. In other words, Defendant did not pay an overtime premium for hours worked over forty each week.

22. Upon information and belief, Defendant did not pay other Laborers an overtime premium for hours worked over forty each week.

23. Defendant set the work schedule for Plaintiff and other Laborers.

24. Plaintiff and other Laborers logged their time using Defendants' electronic time keeping system.

25. Defendant knew or should have known that Plaintiff and other Laborers worked over 40 hours in at least some weeks.

26. At all relevant times herein, Defendant has deprived Plaintiff and other Laborers of sufficient overtime compensation for all hours worked over 40 each week.

27. Plaintiff worked at multiple job sites while employed with Defendant, and the pay policies described herein were consistent at each job site.

28. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because they stem from a centralized human resources policy implemented uniformly from the corporate headquarters.

29. Defendant made no reasonable efforts to ascertain and comply with applicable law.

30. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

### V. REPRESENTATIVE ACTION ALLEGATIONS

31. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty in any week;

    B. Liquidated damages; and

C. Attorney's fees and costs.

32. Plaintiff proposes the following collective under the FLSA:

**All Laborers who worked over 40 hours
in any week within the past three years.**

33. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

34. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

35. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid hourly;

B. They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit; and

C. They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked over forty each week.

36. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds twenty persons.

37. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

38. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

39. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

40. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

41. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

42. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

43. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

44. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

45. Defendant knew or should have known that its actions violated the FLSA.

46. Defendant's conduct and practices, as described above, were willful.

47. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

48. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof,

Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

49. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CLAIM FOR RELIEF
(Collective Action Claim for FLSA Violations)

50. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

51. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

53. Defendant misclassified Plaintiffs and other similarly situated employees as exempt from the overtime provisions of the FLSA.

54. Defendant failed to pay Plaintiffs and similarly situated employees a lawful overtime premium for hours worked over forty each week, despite their entitlement thereto.

55. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

56. Defendant knew or should have known that its actions violated the FLSA.

57. Defendant's conduct and practices, as described above, were willful.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

59. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violations)

61. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

62. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

63. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

64. Defendant misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

65. Defendant failed to pay Plaintiff a lawful overtime premium for all hours worked over forty each week.

66. Defendant knew or should have known that their practices violated the AMWA.

67. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dustin McDaniels, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DUSTIN McDANIELS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com