IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DUSTIN McDANIELS, Individually and on**               **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                     No. 5:22-cv-5193-TLB

**PROGRESSIVE TRAIL DESIGN, LLC**               **DEFENDANT**

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL
CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE
AND FOR DISCLOSURE OF CONTACT INFORMATION**

## I.     INTRODUCTION

Plaintiff Dustin McDaniels ("Plaintiff") has alleged that Defendant Progressive Trail

Design, LLC ("Defendant") has a uniform policy and practice of improperly paying their

laborers in violation of the Fair Labor Standards Act ("FLSA"), including not paying them

proper overtime wages. Accordingly, Plaintiff requests that this Court conditionally certify

a collective action pursuant to Section 216(b) of the FLSA. In addition, Plaintiff requests

approval of his practical, common-sense plan for facilitating notice to potential class

members. Because the clock is running against all potential opt-ins, Plaintiff requests

expedited review of his Motion as described below.

## II.     ARGUMENT

**A.     This Court Should Conditionally Certify the Proposed Collective
Action for Notice Purposes.**

This Court should conditionally certify the proposed group as a collective action for

notice purposes. Section 1 below explains legally what conditional certification in an FLSA

case means, what Plaintiff must prove in order to have this case conditionally certified as

**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

a "collective action," and why early certification and notice to the putative class is important. Section 2 describes how and why Plaintiff has met the lenient standard for conditional certification of a collective action in this stage of the case.

1. Plaintiff May Obtain Early Conditional Certification of a Class if They Make a Modest Factual Showing that They Are "Similarly Situated" to the Other Proposed Collective Members.

In addition to suing on their own behalf, plaintiffs in FLSA cases may obtain early conditional certification of a class if they make a modest factual showing that they are "similarly situated" to other class members. Section 216(b) of the FLSA states as follows: "An action . . . may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *See* 29 U.S.C.S. § 216(b) (LEXIS 2016). Such actions are referred to as "collective actions."[1]

A majority of courts have adopted the two-tiered approach to certification of collective actions described in *Mooney v. Aramco Services Co.*, 4 F.3d 1207 (5th Cir. 1995). *See, e.g.*, *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007); *Madden v. Lumber One Home Center of Stuttgart, Inc.*, No. 4:10-cv-1162-JLH, 2010 U.S. Dist. LEXIS 127558, at *13 (E.D. Ark. Dec. 2, 2010); Mem. Op. and Order at 3, *Bonton v. Centerfold Entertainment Club, Inc.*, 6:14-cv-6074 (W.D. Ark. Oct.

---

[1]     A "collective action" differs from a Rule 23 class action in several respects.  In a Rule 23 <u>class</u> action, "a putative class acquires an independent legal status once it is certified . . . . Under the FLSA, by contrast, 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989) and 29 U.S.C.S. § 216(b) (LEXIS 2016)). Also, in *Hoffmann-La Roche*, the Supreme Court held that district courts have the discretion to certify a class and issue orders authorizing notice to potential members of a collective action of the opportunity to "opt-in" to a collective action.  493 U.S. at 169.  This is directly contrary to the Rule 23 class action mechanism of "opting out" of a certified class.

**Page 2 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

9, 2014), ECF No. 12 (noting that the two-tiered approach is the "prevailing approach").

This two-tiered approach envisions an initial "conditional certification" for notice purposes early on in a case (known as the "notice stage") and then a second opportunity to evaluate the propriety of certification when a defendant moves for decertification following the close of discovery. This two-step certification inquiry is described in *Mooney* as follows:

> The first determination is made at the so-called "notice-stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the Defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in Plaintiff are dismissed without prejudice. The class representatives—*i.e.*, the original Plaintiff—proceed to trial on their individual claims.

54 F.3d at 1213–14. Courts in the Eastern and Western Districts of Arkansas have followed the framework of the two-tiered approach outlined in *Mooney. See, e.g.*, *Watson v. Surf-Frac Wellhead Equipment Co., Inc.*, No. 4:11-cv-843-KGB, 2012 U.S. Dist. LEXIS 150968, at *2–3 (E.D. Ark. Oct. 18, 2012); *In re Pilgrim's Pride Fair Labor Stds. Act Litig.*, 2008 U.S. Dist. LEXIS 93966, at *6–9 (W.D. Ark. Mar. 13, 2008); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941 (W.D. Ark. 2003).

**Page 3 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

At the notice stage, a court does not make findings on legal issues or focus on whether there has been an actual violation of the law. *Pilgrim's Pride*, 2008 U.S. Dist. LEXIS 93966, at *9. The Court also refrains from making credibility determinations or resolving contradictory evidence. *Id*. The plaintiff's burden is "lenient" and may be met by making substantial allegations of class-wide discrimination that are supported by affidavits. *Freeman*, 256 F. Supp. 2d at 941.

Not only is fact finding as to the merits inappropriate at the notice stage, but so is fact finding as to the issue of whether Plaintiff and other class members are similarly situated. *See id.* (stating that courts do not *resolve contradictory evidence*); *see also generally Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218 (S.D. Ala. 2008). In *Longcrier v. HL-A Co., Inc.*, six Plaintiffs in the Southern District of Alabama moved to certify a class consisting of all hourly employees who were employed by defendant in various capacities at its automobile parts manufacturing facility at any time during the three years preceding the filing of the complaint. 595 F. Supp. 2d 1218, 1220–21 (S.D. Ala. 2008). Even with so broad a proposed class, the court granted Plaintiffs' motion for certification and court-approved notice. *Id*. at 1242. The defendant argued that the Plaintiffs were not "similarly situated" because the hourly positions held by class members covered a wide range of job titles, duties, pay ranges, and supervisors. *Id*. at 1238. Over the defendant's objections, the court held that Plaintiffs' declarations and complaint allegations amounted to a substantial showing that all defendant's nonexempt employees were treated similarly and were subject to the same pay practices and policies with regard to "off-the-clock" work, rounding hours, and unpaid work during meal breaks. *Id*.

Importantly, the court further explained how factual disputes over the "similarly

Page 4 of 21
Dustin McDaniels, et al. v. Progressive Trail Design, LLC
U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB
Brief in Support of Motion for Conditional Certification, etc.

situated" requirement should be resolved at the second stage:

> At most, Defendant's evidence may create disputes of fact as to whether all hourly employees are or are not subject to the same policies. Those factual disputes may properly be addressed after discovery at the second stage of the FLSA collective action process . . . , but they do not constitute a valid basis for denying conditional class certification today.

*Id*. (citing *Carmody v. Florida Ctr. For Recovery, Inc.*, No. 05-14295, 2006 U.S. Dist. LEXIS 81640, at *4 (S.D. Fla. Nov. 7, 2006) (explaining that it would be improper to engage in fact-finding to determine conclusively whether the putative Plaintiffs are similarly situated, where pleadings and supporting affidavits alleged facts sufficient to satisfy conditional class certification inquiry)).

Because of this lenient standard, and because courts do not resolve disputes of fact at this stage, courts regularly grant conditional certification based solely upon a plaintiff's complaint and supporting affidavits. *See Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) ("In a typical case, the court decides whether to conditionally certify a class based solely on the Plaintiffs' affidavits."); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007) ("At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members."); *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007); Op. and Order, *Lopez v. Ozark Mountain Poultry, Inc.*, Case No. 5:13-cv-5272-TLB (W.D. Ark. June 17, 2014), ECF No. 34 (certifying a class based on a single declaration).

Further, a plaintiff need not show that his position is identical to the class members' positions, only that his position is similar to those of the absent class members. *Freeman*,

**Page 5 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

256 F. Supp. 2d 941 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). The "similarly situated" determination requires only a modest factual showing. *Perez-Benites v. Candy Brand, LLC*, No. 07-cv-1048, 2008 U.S. Dist. LEXIS 91402, at *3 (W.D. Ark. Oct. 31, 2008). Case law typically requires some showing that the plaintiff and members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion. *Smith v. Frac Tech Services, Ltd.*, 4:09-cv-679-JLH, 2009 U.S. Dist. LEXIS 109930, at *13 (E.D. Ark. Nov. 24, 2009) (citing *Resendiz-Ramirez,* 515 F. Supp. 2d at 937); *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685 (W.D. Mo. 2007); *see also Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (First-round "similarly situated" determination "requires nothing more than substantial allegations that the class members were together the victims of a single decision, policy, or plan.").

Notably, several courts in the Eastern District of Arkansas have granted conditional certification of a class of employees against Defendant even if only one plaintiff appeared at the beginning of the case. The Hon. Leon Holmes granted conditional certification of a class in a single-plaintiff case, holding that "[t]he undersigned does not require Plaintiff in a Fair Labor Standards Act case to establish that other potential class members desire to opt in." Order, *Adams et al. v. United Cerebral Palsy of Central Arkansas, Inc., et al.*, No. 4:16-cv-930-JLH, 2017 U.S. Dist. LEXIS 177470, at *3-4 (E.D. Ark. Dec. 28, 2016). Similarly, the Hon. Kristine Baker granted conditional certification of a class in a single-plaintiff case, holding that "[plaintiff] does not have the burden of offering evidence that other employees are interested in joining his proposed class as a prerequisite for conditional certification" in those circumstances. Order, *Lamar, et al. v. Lacy One, LLC, et*

**Page 6 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

*al.,* 4:16-cv-135-KGB (E.D. Ark. March 9, 2016), ECF No. 20. It simply is not required that there be more than one plaintiff to initiate a conditional collective action under Section 216 of the FLSA. Indeed, the purposes of the certification process are best served when the fewer, more vocal, employees assert rights on behalf of the larger group against the defendant.

In general, the benefits of the two-tiered approach from *Mooney* are best realized when certification and notice are granted as soon as possible at the beginning of the case, prior to discovery. The decertification stage mitigates the breadth and leniency of the first stage by allowing for decertification if it turns out, after discovery is completed, that the class is not sufficiently similar to allow for an efficient adjudication of material, common issues and facts.

2. <u>This Court should conditionally certify the class proposed by Plaintiff.</u>

This case is at the notice stage and as such is subject to the lenient standard based solely on pleadings and affidavits. The pleadings and attached exhibits contain an abundance of information supporting Plaintiff's claims that there are other individuals similarly situated. Plaintiff represents a class of employees who worked as laborers for Defendant during the relevant time period. Every laborers' relationship with Defendant was subject to Defendant' universal practices, which violated the FLSA, among other laws.

1. Plaintiff was employed by Defendant to work as an hourly paid Laborer from April of 2019 until November of 2020. Ex. 6, Declaration of Dustin McDaniels ("McDaniels Dec."), ¶ 3. Defendant paid Plaintiff an hourly wage. McDaniels Dec. at ¶ 4. Plaintiff was primarily responsible for performing construction on mountain bike trails. McDaniels Dec.

**Page 7 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

at ¶ 5. Defendant also employed other hourly paid employees who performed construction on mountain bike trails within the three years preceding the filing of this lawsuit (hereinafter, "Laborers"). McDaniels Dec. at ¶ 6. Plaintiff estimates that Defendant has employed at least twenty or more other Laborers who worked over 40 hours in any week since September 20, 2019. McDaniels Dec. at ¶¶ 6, 16. Defendant directly hired Plaintiff and other Laborers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment. McDaniels Dec. at ¶ 7. Plaintiff regularly worked over forty hours in a week. McDaniels Dec. at ¶ 8. Other Laborers also regularly or occasionally worked over forty hours in a week. McDaniels Dec. at ¶ 9. Defendant paid Plaintiff his regular rate for all hours worked. McDaniels Dec. at ¶ 10. In other words, Defendant did not pay an overtime premium for hours worked over forty each week. McDaniels Dec. at ¶ 10. Defendant did not pay other Laborers an overtime premium for hours worked over forty each week. McDaniels Dec. at ¶ 11. Defendant set the work schedule for Plaintiff and other Laborers. McDaniels Dec. at ¶ 12. Plaintiff and other Laborers logged their time using Defendant's electronic time keeping system. McDaniels Dec. at ¶ 13. Plaintiff worked at multiple job sites while employed with Defendant, and the pay policies were consistent at each job site and at all of Defendant's facilities because they stem from a centralized human resources policy implemented uniformly from the corporate headquarters. McDaniels Dec. at ¶ 14. As such, Defendant has deprived Plaintiff and other Laborers of proper overtime compensation for all hours they worked over forty per week. McDaniels Dec. at ¶ 15. Based on his experience and the knowledge he has regarding the job duties and pay of Laborers employed by

**Page 8 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

Defendant, Plaintiff believes there are others who would want to join this lawsuit if they were made aware of the opportunity to join the lawsuit. McDaniels Dec. at ¶ 17.

In sum, Plaintiff and the collective members were all subject to the same pay practices and procedures which resulted in the violations of the FLSA alleged by Plaintiff. These initial facts are more than sufficient to meet Plaintiff's lenient burden to show that the potential class members are similarly situated. Therefore, this Court should certify the proposed collective proposed by Plaintiff and make appropriate orders for notice.

**B.  This Court Should Approve Plaintiff's Proposed Collective Action Notice and Consent Forms, Grant Leave for Plaintiff to Send Notice through Mail and Email, and Order Defendant to Provide Contact Information for Potential Opt-Ins.**

If this Court grants conditional certification for notice purposes, this Court will need to make decisions about how to facilitate notice. For the reasons given below, Plaintiff requests that the Court (1) approve of the language of Plaintiff's proposed collective action Notice (Exhibit 1) and Consent to Join forms (Exhibit 2); (2) grant leave for Plaintiff to send Notice and Consent to Join forms through U.S. Mail and email; (3) grant leave to send a reminder email (Exhibit 3) or follow-up postcard via U.S. Mail (Exhibit 4) thirty (30) days after the initial distribution of the Notice; (4) approve of the proposed text for the email (Exhibit 3) for distribution to members of the collective; (5) grant a period of ninety (90) days in which to distribute the Notice and Consents and allow for opt-ins to file Consents to Join; and (6) order Defendant to provide relevant contact information for potential opt-ins.

1.  <u>This Court Has Broad Discretion to Issue Orders that Facilitate Early Notice to Potential Members of the Collective Action.</u>

A district court "has broad discretion regarding the 'details' of the notice sent to

**Page 9 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

potential opt-in Plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012). Notice informs potential Plaintiffs "of the facts needed to make an informed decision whether to opt-in." *Fisher v. Michigan Bell Telephone Company*, 665 F. Supp. 2d 819, 829 (E.D. Mich. 2009). While there are no well-defined rules for the form of notice, the general requirement is that the notice must be fair and accurate. *See, e.g.*, *id.*; *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill 2007).

Further, courts should exercise their broad discretion to facilitate notice in a way that reaches the largest possible number of potential opt-in Plaintiffs. *See Perrin v. Papa John's Int'l, Inc.*, No. 4:09-cv-1335-AGF, 2011 U.S. Dist. LEXIS 117046, at *5 (E.D. Mo. Oct. 11, 2011) ("The better course is to determine what constitutes fair and proper notice based on the facts of each case. . .. At this stage of the litigation, justice is most readily served by notice reaching the largest number of potential Plaintiffs." (internal citations and quotation marks omitted)).

    2.   <u>This Court Should Exercise its Broad Discretion to Approve Plaintiff's Proposed Notice and Consent Forms for Distribution, to Approve Plaintiff's Proposed Means of Distribution, and to Order Defendant to Provide Contact Information of Putative Class Members</u>.

In furtherance of the FLSA's "broad remedial" purpose, courts have the authority to notify potential opt-in Plaintiffs that they may join an existing action early in the proceedings. *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 173 (1989); *see also Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1047 (Mar. 22, 2016); *Hussein v. Capital Bldg. Servs. Grp., Inc.,* 152 F. Supp. 3d 1182, 1190 (D. Minn. 2015); *Morales-Arcadio v. Shannon Produce Farms*, 237 F.R.D. 700, fn. 1 (S.D. Ga. 2006) (citing *Geurra v. Big Johnson Concrete Pumping, Inc.*, 2006 U.S. Dist. LEXIS 58973, at *2 (S.D. Fla. 2006)). Accordingly, Plaintiff asks the Court to conditionally certify this action as an FLSA

**Page 10 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

collective action and approve the proposed notice to be sent to all Laborers employed by Defendant within the three years prior to the filing of the Original Complaint in this action.

> i.   *This Court should approve Plaintiff's proposed collective action notice to facilitate early notice of this case to potential opt-in Plaintiffs.*

This Court should approve Plaintiff's proposed collective action notice. Plaintiff asks this Court for approval to send notice to all Laborers who worked over 40 hours in any week since September 20, 2019, which includes the three years preceding the filing of Plaintiff's Original Complaint. This captures every Laborer for Defendant who could potentially fall within the maximum three-year statute of limitations under the FLSA. Furthermore, this keeps the door open for this Court to grant equitable tolling to some or all potential Plaintiffs if the facts support it.[2] To implement notice, Plaintiff requests approval of the proposed notice-related documents, method of distribution, and 90-day opt-in period, as set forth below.

This Court should approve Plaintiff's proposed collective action *Notice* (Exhibit 1) and *Consent to Join* (Exhibit 2) forms to be sent via U.S. Mail and email as well as the proposed text for the electronic transmission of these items (Exhibit 3). Plaintiff's proposed *Notice* provides readers with an accurate description of this lawsuit, their legal rights, and the process for participating in the case. It should be approved. *See Hoffmann-*

---

[2]      The doctrine of equitable tolling can, under the right circumstances, toll the statute of limitations in FLSA cases. *See, e.g.*, Op. and Order at 10–12, *Lopez*, No. 5:13-cv-05272-TLB, ECF No. 34 (granting equitable tolling where there was a long period of time between filing of motion for collective action and the order granting the motion); Memorandum Op. and Order at 7–10, *Whitworth*, No. 6:13-CV-06003-RTD, ECF No. 22 (granting equitable tolling where plaintiff exotic dancers undisputedly asserted that the employer misinformed Plaintiffs that they were independent contractors and failed to post required information on wage and hour laws); *see also Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169 (6th Cir. 2008); *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 U.S. Dist. LEXIS 38511 (W.D. Ark. May 25, 2007); *Chao v. Va. Dept. of Transp.*, 291 F.3d 276 (4th Cir. 2002); *Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757 (9th Cir. 1981). Indeed, courts have held that the equitable tolling doctrine "is read into every federal statute of limitation." *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Penn. 1984) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)).

**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

*La Roche v. Sperling*, 493 U.S. 165, 172, 174 (1989) (explaining that employees should receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate," and that notice should "respect judicial neutrality . . . tak[ing] care to avoid even the appearance of judicial endorsement of the merits of the action").

>        ii.    This Court should approve Plaintiff's proposed procedure for
>               distributing the Notice and Email Consent form via email and for
>               obtaining electronic signatures to the Email Consent.

There is good reason to use electronic distribution methods in addition to regular mail. U.S. Mail delivery problems are unavoidable in collective actions. *See* Ex. 5, Decl. of Josh Sanford ("Sanford Decl."), ¶¶ 5–14. In counsel's experience, mail delivery problems have actually prevented some members of classes from joining collective actions when they in fact wanted to join. *See id*. Notices sent by the Sanford Law Firm have been lost, even when the addresses were correct. *Id*. at ¶ 8. Not only are notices lost going to class members, but they have also been lost after having been signed and mailed back to the Sanford Law Firm. *Id*. at ¶¶ 9–13. In other cases, Plaintiff's counsel has received telephone calls from recipients of follow-up postcards who did not receive the original notices. *Id*. at ¶ 11. Plaintiff's counsel has also received undeliverable envelopes as many as 1,010 days after their original mailing. *Id*. at ¶ 13. Using electronic mail as a means of distributing notice alleviates many of the problems presented by sending notice only by U.S. Mail.

Electronic communication is already a common, appropriate, and efficient manner of communicating with Plaintiff and class members and is widely used in conjunction with traditional mailing. *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012)

**Page 12 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

("With regard to [plaintiff's request to use] email to notify potential Plaintiffs of this litigation, communication through email is now the norm.") (internal editing and quotation marks omitted).[3] Electronic distribution of collective action notices is "in line with the current nationwide trend." *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 U.S. Dist. LEXIS 23630, at *12 (S.D. Ohio Feb. 26, 2015). As one court has aptly said, "Email is not the wave of the future; [it] is the wave of the last decade and a half." Order at 11, *Gronefeld v. Integrated Prod. Servs., Inc.*, 5:16-cv-55 (W.D. Tex. April 26, 2016), ECF No. 21.

Not surprisingly, then, courts have already begun to permit dissemination of collective action notice via email message under a variety of circumstances and for a variety of reasons. *See, e.g.*, *Irvine v. Destination Wild Dunes Mgmt.*, 132 F. Supp. 3d 707 (D.S.C. 2015).[4] The *Irvine* court approved of three methods of distributing notice, stating:

> The request that notice be distributed via direct mail, email and text

---

[3]     *See also* Order at 11, *Gronefeld v. Integrated Prod. Servs., Inc.*, 5:16-cv-55 (W.D. Tex. April 26, 2016), ECF No. 21 ("Email is not the wave of the future; [it] is the wave of the last decade and a half."); *Jones v. JGC Dall. LLC*, No. 3:11-cv-2743-O, 2012 U.S. Dist. LEXIS 185042, at *18–19 n.9 (N.D. Tex. Nov. 29, 2012) (collecting cases); *Margulies v. Tri-County Metro. Transp. Dist. of Or.*, No. 3:13-cv-475-PK, 2013 U.S. Dist. LEXIS 146484, at *59–61 (D. Or. Oct. 10, 2013) (citing *Alequin v. Darden Rests., Inc.*, No. 12-61742, 2013 U.S. Dist. LEXIS 108341, 2013 WL 3945919, at *2 (S.D. Fla. July 31, 2013)); *Ritz v. Mike Rory Corp.*, No. 12-cv-367-JBW-RML, 2013 U.S Dist. LEXIS 61634, 2013 WL 1799974, at *5 (E.D.N.Y. Apr. 30, 2013); *Rehberg v. Flowers Foods, Inc.*, No. 3:12-cv-596, 2013 U.S. Dist. LEXIS 40337, 2013 WL 1190290, at *3 (W.D.N.C. Mar. 22, 2013); Order, *Tingey v. Bass Fishing & Rentals, LLC, et al.*, No. 5:15-cv-705-FB (W.D. Tex. Jan. 6, 2016), ECF No. 25 (granting leave to send notice via mail and email); Order, *George v. Go Frac LLC, et. al.*, No. 5:15-cv-943-XR (W.D. Tex. Jan. 13, 2016), ECF No. 24 (same); Order at 5, *Bridgewater v. GES Gladiator Energy Servs. Tex. LLC*, No. 5:15-cv-975-RP (W.D. Tex. Dec. 22, 2015), ECF No. 9 (same); Order at 13, 16, *Cummings v. Bost, Inc.*, No. 2:14-cv-2090-PKH (W.D. Ark. April 13, 2015), ECF No. 60 (citing *Davenport v. Charter Comms., LLC*, 2014 WL 2993739, at *9 (E.D. Mo. July 3, 2014)); Order at 2, *Zakkery Crocker et al. v. City of Leachville*, No. 3:17-cv-191-DPM (E.D. Ark. Aug. 20, 2018).

[4]     *See also Vasto v. Credico (USA) LLC*, 2016 U.S. Dist. LEXIS 60158 (S.D.N.Y. May 5, 2016); *Martin v. Sprint/United Mgmt. Co.*, 2016 U.S. Dist. LEXIS 352 (S.D.N.Y. Jan. 4, 2016); *Dempsey v. Jason's Premier Pumping Servs., LLC*, Civil Action No. 15-cv-703-CMA-NYW, 2015 U.S. Dist. LEXIS 187322 (D. Colo. Nov. 11, 2015); *Eley v. Stadium Grp., LLC*, 2015 U.S. Dist. LEXIS 126184 (D.D.C. Sept. 22, 2015); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv-3624-RJS, 2015 U.S. Dist. LEXIS 90616 (S.D.N.Y. July 13, 2015).

**Page 13 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication. Political candidates now routinely seek out their supporters' cell phone numbers and email addresses because traditional methods of communication via regular mail and land line telephone numbers quickly become obsolete.

132 F. Supp. 3d at 711.

Further, unlike traditional mail, emails do not get "lost in the mail." Email addresses are portable, even more readily portable than most laptop computers, and they can be checked from virtually any location, often regardless of wireless internet access. Email addresses are also "portable" in the sense that, although a person's physical address changes when he or she relocates residences, the person can and often does maintain his or her same email address. All of these facts increase the likelihood that notice will actually be received by the putative collective member.

Moreover, the combination of traditional and electronic mailing methods "advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in Plaintiff will receive notice of the lawsuit, and of their opportunity to participate." *Atkinson*, 2015 U.S. Dist. LEXIS 23630, at *12.

In short, electronic notice in the form of an email communication is a generally accepted practice for distributing notice that furthers the goals of the FLSA. Many courts have approved of email in conjunction with regular mail for the purpose of distributing notice.

Email distribution should be to both personal and company-sponsored email addresses; district courts in Arkansas have approved of distribution by both methods. In *Lopez v. Ozark Mountain Poultry, Inc.*, for example, the court held that "utilizing

**Page 14 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

Defendants' email system to notify employees of alleged violations of federal wage-and-hour committed by their employer is, by definition, a purpose related to the business itself," and therefore an appropriate use of an FLSA defendant's email system. Order at 9 n.4, No. 5:13-cv-5272-TLB (W.D. Ark. June 17, 2014), ECF No. 34. On the other hand, in a case where the defendant did not have a business email system, the Western District of Arkansas ordered the disclosure of any personal email addresses of potential collective members of which the defendant was aware. Order at 5, *Bonton v. Centerfold Entertainment Club, Inc.*, No. 6:14-cv-6074-RTD (W.D. Ark. Oct. 9, 2014), ECF No. 12.

To facilitate notice via email, this Court should approve Plaintiff's proposed procedure, which is simple and easy for the Court to monitor. First, Plaintiff's counsel would be responsible for sending an email to email addresses for the class members provided by Defendant. Exhibit 3 contains the language that Plaintiff proposes for the email to be sent to class members. This Court should approve the language of the email represented in Exhibit 3 because it is narrowly tailored to explain what the email is for and should also satisfy the reasonable expectations of any email recipient that the email is not spam.

When the class member clicks on the link in the email, he or she will be taken to a website containing electronic copies of the *Notice* form and the *Electronic Consent to Join*. From the website, class members can print the *Notice* or read it in electronic form. Class members who wish to join the lawsuit can then choose to print, sign and return a paper copy of the *Electronic Consent to Join* form or electronically sign the *Electronic Consent to Join* form using PandaDoc or HelloSign.[5] This is similar to the process used

---

[5] More information about PandaDocs is available at https://www.pandadoc.com. More information about HelloSign is available at HelloSign.com. Many courts have already approved of the use

**Page 15 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

in *Dempsey v. Jason's Premier Pumping Servs., LLC*, No. 15-cv-703-CMA-NYW, 2015 U.S. Dist. LEXIS 187322, at *4-5 (D. Colo. Nov. 11, 2015).

iii.    *This Court should allow a ninety-day opt-in period.*

Plaintiff requests a period of ninety (90) days during which to distribute notice and file opt-in plaintiff's consent forms with the Court. "Notice periods may vary, but numerous courts around the country have authorized ninety-day opt-in periods for collective actions." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012); *see also Evans v. Caregivers, Inc.*, No. 3:17-cv-0402, 2017 U.S. Dist. LEXIS 76599, at *17 (M.D. Tenn. May 19, 2017); *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1075 (S.D. Ohio 2016). Many of the potential collective members may have current addresses and phone numbers that differ from Defendant's records, and a ninety (90)-day opt-in period will allow a reasonable time for Plaintiff's counsel to deal with returned mail and get notices to their intended recipients.

iv.    *This Court should approve of the sending of a Follow-Up Postcard via U.S. Mail thirty (30) days after Notice is sent.*

Plaintiff further requests that this Court permit the sending of a follow-up Postcard (Exhibit 4) via U.S. Mail to potential opt-ins who did not respond within thirty (30) days of sending Notice. The follow-up Postcard would be sent thirty (30) days after the Notice is first distributed via U.S. Mail. Allowing Plaintiff's counsel to send the follow-up *Postcard* provides a fair and equitable solution to ensure that all members of the proposed collective who want to join the lawsuit are able to, including ensuring that collective

_____

of electronic signatures generally. *See Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 518 (W.D. Tex. 2015); *White v. Integrated Elec. Techs., Inc.*, No. 11-2186, 2013 U.S. Dist. LEXIS 83298, at *39 (E.D. La. June 13, 2013); *Jones v. JGC Dall. LLC*, Civil Action No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042, at *18 (N.D. Tex. Nov. 29, 2012).

**Page 16 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

members whose consents to join were mailed (or electronically submitted) but not received are made aware of this fact. *See* Sanford Decl. ¶ 15.  District courts in the Eighth Circuit regularly approve of this procedure.[6]

Follow-up notices contribute to dissemination among similarly-situated employees and serve what the Supreme Court in *Hoffmann-La Roche v. Sperling* recognized as Section 216(b)'s "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." 493 U.S. 165, 172 (1989).

> v. *This Court should order Defendant to provide the names, last known mailing addresses, last known work and personal email addresses, and cell phone numbers in an electronically manipulatable format, such as Excel.*

To facilitate the sending of the *Notice* and *Consent to Join*, this Court should order Defendant to provide the names, last known mailing addresses, email addresses (including personal and company-sponsored email addresses) and phone numbers, in an electronically manipulatable format such as Excel, for anyone who meets the class definition. In *Hoffmann-La Roche v. Sperling*, the Supreme Court held that it was

---

[6]        *See, e.g.*, Op. and Order at 9–10, *Lopez v. Ozark Mountain Poultry, Inc.*, No. 5:13-cv-05272-TLB, ECF No. 34 (W.D. Ark. June 17, 2014) (granting leave to send follow up post card to class members who do not respond to written notice within thirty days); Order at 6, *Bonton v. Centerfold Entertainment Club, Inc.*, Case No. 6:14-cv-6074-RTD, ECF No. 12 (W.D. Ark. Oct. 9, 2014) (same); *Harger v. Fairway Mgmt.*, 2016 U.S. Dist. LEXIS 74373, *12 (W.D. Mo. June 8, 2016); *Woods v. Caremark PHC, LLC*, 2016 U.S. Dist. LEXIS 138021, *12 (W.D. Mo. Aug. 2, 2016); *Davis v. Bd. Of Trs. Of N. Kan. City Hosp.*, 2015 U.S. Dist. LEXIS 94325, *5-6 (W.D. Mo. July 21, 2015); *Ortiz-Alvarado v. Gomez*, 2014 WL 3952434, at *6 (D. Minn. Aug. 13, 2014); *Coates, et al. v. Dassault Falcon Jet Corp.*, No. 4:17-cv-372-JLH, ECF No. 34 (E.D. Ark. 11/21/17) (authorizing notice via mail, email, reminder postcard); *Stricklin v. Drivenforce, Inc.*, No. 4:15-cv-202-BRW, ECF No. 28 (E.D. Ark. 10/22/15) (authorizing notice via mail, email, reminder postcard and workplace posting); *Hussein v. Capital Bldg. Servs. Grp.*, 2015 U.S. Dist. LEXIS 157572 (D. Minn. Nov. 20, 2015) (authorizing notice via mail, posted notice, reminder letter and reminder email over the defendant's request that only one form of notice be provided); *Shoots v. iQor Holdings US Inc.*, 2015 U.S. Dist. LEXIS 141617, *71–73 (D. Minn. Oct. 19, 2015) (authorizing notice via mail, email and workplace posting, as well as a reminder notice); *Rhodes v. Truman Med. Ctr., Inc.*, 2014 U.S. Dist. LEXIS 133281, *11–12 (W.D. Mo. Sept. 23, 2014) (authorizing notice via mail, email, and workplace posting, as well as a reminder postcard to "help ensure that all putative Plaintiff are provided an adequate opportunity to 'opt in' to the action").

**Page 17 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

appropriate for the district court to order disclosure of the names and addresses of possible opt-in Plaintiff. 493 U.S. 165, 170 (1989). Courts routinely grant disclosure of names and addresses of potential opt-in Plaintiffs in conjunction with authorizing notice. *Id.*

Plaintiff asks this Court to provide for the following information for each individual who meets the collective definition, no later than seven (7) days after entry of an Order certifying this case as a collective action: (1) names, including any aliases they may have gone by or go by now; (2) the last known mailing addresses for the time period covered by the collective definition; (3) any and all work and personal email addresses of which Defendant is aware; and (4) any and all phone numbers of which Defendant is aware. Plaintiff asks for this order because this information is in Defendant's possession, not Plaintiff's, and this information is necessary to execute the notice plan proposed herein.

Finally, Plaintiff requests that this Court direct Defendant to provide the information requested above in a manipulatable electronic format such as Microsoft Word or Excel. Any other manner of providing the contact information will only result in unnecessary delay and expense.

### III. EXPEDITED REVIEW REQUIRED

Plaintiff further requests expedited consideration of the certification motion and expedited production of information for notice. Plaintiff in collective actions are entitled to such treatment. *Adams*, 2017 U.S. Dist. LEXIS 177470 at *3 ("Because this case needs to be expedited, the Court will not write a lengthy opinion discussing the law of conditional certification."). "Sending notice to potential class members early in a case facilitates the broad remedial purpose of the FLSA and promotes efficient case management."

**Page 18 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

*Boudreaux v. Schlumberger Tech. Corp.*, 2015 U.S. Dist. LEXIS 22870 (W.D. La. February 25, 2015); *see also Garner v. G.D. Searle Pharmaceuticals & Co.*, 802 F.Supp. 418 (M.D. Ala. Oct. 30, 1981) (citing *Hoffman-La Roche*, 493 U.S. at 173). In FLSA collective actions—unlike Rule 23 class actions—the statute of limitations for the FLSA claims of potential opt-in Plaintiff is *not tolled* by a plaintiff's initial filing of the complaint absent a Court order. 29 U.S.C. § 256(b). Thus, delay in disseminating notice to potential Plaintiffs can prejudice their rights. *See Gortat v. Capala Bros., Inc.*, No. 07-cv-3629, 2010 WL 1423018, at *9 (E.D.N.Y. Apr. 9, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual plaintiff until he or she opts in . . . early certification and notice are favored in order to protect Plaintiff's rights."); *accord Floyd v. Lowe's Companies, Inc.*, No. 2:04-cv-774, 2005 WL 6742234, at *3-4 (S.D. Ohio May 11, 2005) (Because the "statute of limitations period continues to run against each potential class member . . . it is *widely accepted* that, at the notice stage . . . the plaintiff's burden . . . is *extremely light*.") (emphasis added). Accordingly, Plaintiff asks the Court to adopt the following deadlines and notice plan:

| DEADLINE | DESCRIPTION OF DEADLINE |
|---|---|
| **7 Days After Order Approving Notice** | Defendant to produce the names, last known addresses, work and personal e-mail addresses, and phone numbers of the collective members in a usable electronic format. |
| **14 Days After Order Approving Notice** | Plaintiff's Counsel to send by U.S. Mail and email message a copy of the Court-approved Notice and Consent Form to the collective members. |
| **90 Days After Mailing of Notice** | The collective members shall have 90 days to return their signed *Consent* forms for filing with the Court. |
| | Plaintiff's Counsel is authorized to send a follow-up Postcard by U.S. Mail to those |

**Page 19 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

| DEADLINE | DESCRIPTION OF DEADLINE |
|---|---|
| **30 Days After Mailing of Notice** | collective members who did not respond to the initial notice. |

## IV.    CONCLUSION

Plaintiff's burden at this stage is lenient and easily met. Because Defendant's policies that underlie Plaintiff's allegations of FLSA violations are the same for Plaintiff and all collective members, Plaintiff and the collective members are similarly situated as victims of a common decision, policy, or plan of the employer that affected all collective members in a similar fashion. Accordingly, the Court should certify the collective as requested by Plaintiff. For the foregoing reasons, Plaintiff respectfully requests that this Court conditionally certify this case as a collective action on behalf of all Laborers who worked over 40 hours in any week since September 20, 2019, and that the Court adopt the notice plan outlined above.

Respectfully submitted,

**DUSTIN McDANIELS, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 20 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing BRIEF was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

J.R. Carroll, Esq.
KUTAK ROCK LLP
234 East Millsap Road, Suite 200
Fayetteville, AR 72703
(479) 973-4200
jr.carroll@kutakrock.com

Gillian G. O'Hara, Esq.
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
(402) 346-6000
gigi.ohara@kutakrock.com
Attorneys for Defendants

/s/ Josh Sanford
**Josh Sanford**

**Page 21 of 21**
**Dustin McDaniels, et al. v. Progressive Trail Design, LLC**
**U.S.D.C. (W.D. Ark.) No. 5:22-cv-5193-TLB**
**Brief in Support of Motion for Conditional Certification, etc.**