IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DUSTIN MCDANIELS, Individually
And on Behalf of All others Similarly Situated                              PLAINTIFF

v.                                      CIVIL NO. 22-5193

PROGRESSIVE TRAIL DESIGN, LLC                                               DEFENDANT

## ORDER OF APPROVAL AND DISMISSAL

Plaintiff Dustin McDaniels alleged his employer, Progressive Trail Design, LLC, misclassified him, failing to pay him, and others, overtime wages for overtime hours worked. Plaintiff says Defendant violated both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark Code Ann. § 11-4-201, *et seq.*, and moved for certification of a collection action. (ECF Nos. 2, 13). Defendant denied Plaintiff is owed any unpaid overtime wages, and opposed certification. (ECF Nos. 6, 17). Before the parties participated in a case management hearing or Plaintiff's certification motion was addressed by U.S. District Judge Timothy L. Brooks, the parties engaged in the successful settlement conference with the undersigned on March 9, 2023, resolving their claims with one another. (ECF No. 22). As a result, the parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c) (ECF No. 23), and the matter was reassigned. On April 27, 2023, the parties executed a Confidential Settlement Agreement and Release of All Claims, and provided it to the undersigned for an *in-camera* review and for approval.

Before approving an FLSA settlement agreement, a court must determine that "the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Boland v. Baue Funeral Home Co.,* 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015)

(cleaned up). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under [the] FLSA." *King v. Raineri Constr., LLC,* 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). If the Court finds there is a bona fide dispute, it must next determine that the agreement purporting to settle that dispute is fair and reasonable to all parties. Such determination usually involves considering:

> the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiff's success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case.

*Id.* (citing *Carrillo v. Dandan, Inc.,* 51 F. Supp. 3d 124, 132-33 (D.D.C. 2014)).

Having presided over the settlement conference and familiarized itself with both the pleadings, arguments of counsel and most readily provable facts, the Court is persuaded that a bona fide dispute existed in this case. The parties fundamentally disagreed on the central issue of Plaintiff's classification and entitlement to alleged overtime wages. The Court is also satisfied that the method for paying Plaintiff is reasonable. All parties were represented by counsel, and counsel achieved a sizeable and fair settlement based on the merits of Plaintiff's FLSA claims while considering the strengths of the defense, and the reality of both the costs and risks of continuing litigation through trial.

Having reviewed the terms of the Confidential Settlement Agreement and Release of All Claims executed by the parties, the Court is convinced the settlement is the result of arms' length negotiations, and the total amount recovered for the Plaintiff is not *de minimis* recovery for him after balancing the expense and uncertainty of proceeding with this action. Additionally, with aid of the undersigned, the parties negotiated and reached a separate, confidential settlement related

to Plaintiff's recoverable attorneys' fees and the Settlement Agreement addresses payment of attorney's fees. No issue remains for the Court's adjudication.

For the reasons stated above, the Court finds that the parties' proposed Confidential Settlement Agreement and Release of All Claims should be, and hereby is, **APPROVED** as fair and reasonable, and Plaintiff's Complaint **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This Court retains jurisdiction to vacate this order and to reopen the action upon cause shown that the parties' settlement has not been completed and that a party wishes this Court specifically to enforce the settlement agreement.

IT IS SO ORDERED this 27th day of April 2023.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE